IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEELWORKERS PENSION TRUST, By DANIEL A. BOSH, Chairman,<br><br>       Plaintiff,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM - SAN LEANDRO HOSPITAL,<br><br>       Defendant. | Civil Action No.  22-1892 |

## **COMPLAINT**

1. This action arises from Defendant's, Alameda Health System - San Leandro Hospital ("Alameda Health System") failure to pay the amount of its monthly pension contributions to Plaintiff Steelworkers Pension Trust ("SPT"), in violation of its Collective Bargaining Agreements ("CBAs") with the United Steel, Paper, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service-Workers International Union and its affiliated unions (the "USW").

2. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

3. The SPT is a Pennsylvania non-profit corporation which maintains its principal place of business at 60 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15222.

4. Given that the SPT is administered in Pittsburgh, venue is appropriate in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. The SPT is a multiemployer plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

- 2 -

6. The SPT is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. The SPT is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. §186(c)(5).

8. Daniel A. Bosh, being Chairman of the SPT's Board of Trustees ("Board"), is duly authorized to act on behalf of the Board. Mr. Bosh and the Board are fiduciaries of the SPT within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

9. Defendant Alameda Health System is engaged in the manufacturing business and maintains its principal place of business at 7677 Oakport Street, Suite 1200, Oakland, California 94621.

10. Defendant has failed to make or timely make monthly contributions causing interest and liquidated damages to accrue from the date of each report.

11. The SPT has demanded that Defendant pay all amounts due and owing, but Defendant has ignored such demands.

12. Defendant Alameda Health System is delinquent to the SPT under one or more of its CBAs and 29 U.S.C. § 1145 for failing to fully comply with its contribution obligation to the SPT.

13. The SPT is therefore entitled to unpaid contributions, interest, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 1132(g)(2) and the SPT's Declaration of Trust.

14. Defendant Alameda Health System owes a shortage of $14,559.72 for its work performed in November 2019, for which the SPT later discovered that shortage existed.

15. Defendant Alameda Health System also owes a shortage of $593.82 for its work performed in April 2022.

16. The SPT is entitled to unpaid contributions in the amount of $15,153.54 ($14,559.72 + 593.82 = $15,153.54).

17. The SPT is entitled to interest on all late and unpaid contributions at a rate of 15% per year, per the SPT's Declaration of Trust (to which Alameda Health System is bound by virtue of the CBAs), in an amount that, as of December 31, 2022, totals $9,689.16.

18. Interest continues to accrue on all unpaid contributions at the rate of $6.23 per day (($15,153.54 x 0.15)/365 = $6.23), and the SPT remains entitled to collect the same until the termination of this case.

19. Pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) and the SPT's Declaration of Trust, the SPT is also entitled to liquidated damages totaling $29,504.53 based on the above-described deficiencies regarding the work performed in November 2019 and April 2022, as well as late contributions regarding work performed in January 2022 that were eventually paid.

20. In accordance with the above, Alameda Health System is currently delinquent to the SPT in the total amount of $54,347.23.

21. Pursuant to 29 U.S.C. § 1132(g)(2)(D), the SPT also is entitled to reasonable attorneys' fees and costs in this action.

22. Because the amount owed by Alameda Health System will continue to increase as it continues to ignore its contribution obligation, prior to the Court's entry of judgment in this matter, the SPT reserves its right to submit a petition for principal contributions, interest, liquidated damages, reasonable attorneys' fees and costs for the Court's review pursuant to 29 U.S.C. § 1132(g)(2).

23. The SPT also reserves its right to recover any damages discovered during the course of litigation in this action.

24. In all, Alameda Health System's failure to pay its monthly contributions, as required under the CBA, has caused the SPT to suffer loss of investment income, to incur

additional administrative expenses, and has resulted in less monies being available to provide pension benefits to covered workers and their families.

WHEREFORE, the SPT demands the following relief:

a. For Alameda Health System to be required to file complete and accurate monthly remittance reports with the SPT covering all aspects of Alameda Health System's business operations through the present; and

b. For Alameda Health System to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Alameda Health System's covered employees through the present to enable the SPT to verify the amounts due and owing to the SPT; and

c. For a money judgment in favor of the SPT and against Alameda Health System in the sum of $54,347.23, plus such additional amounts shown to be owed to the SPT until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and for such other and further relief as the Court may deem just.

    TUCKER ARENSBERG, P.C.

    */s/Neil J. Gregorio*
    Neil J. Gregorio, Esquire
    PA I.D. No. 90859
    ngregorio@tuckerlaw.com
    Ian M. Grecco, Esquire
    PA I.D. No. 324372
    igrecco@tuckerlaw.com

    1500 One PPG Place
    Pittsburgh, PA 15222
    (412) 594-3911

    Attorneys for Plaintiff

    Steelworkers Pension Trust, By
    Daniel A. Bosh, Chairman

TADMS:11301976-1 029107-167460